Serhant LLC v Federico

2026 NY Slip Op 03250

May 21, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Serhant LLC, Plaintiff-Respondent,

v

Santa Federico, Defendant, Douglas Elliman Realty, LLC, et al., Defendants-Appellants.

Decided and Entered: May 21, 2026

Index No. 652441/22|Appeal No. 5259|Case No. 2025-02002|

Before: Renwick, P.J., Scarpulla, Kapnick, Mendez, O'Neill Levy, JJ.

Michael S. Cole, New York, for appellants.

Lester Shaw & Levy LLP, Brooklyn (N. Dean Boyer of counsel), for respondent.

[*1]

Order, Supreme Court, New York County (Nicholas W. Moyne), entered March 7, 2025, which denied the motion of defendants Douglas Elliman Realty, LLC and Josh Rubin (defendants) for summary judgment dismissing the claim for tortious interference with contractual relations as against them, and granted the cross-motion of plaintiff for summary judgment on the tortious interference claim, unanimously reversed, on the law, without costs, defendants' motion granted and plaintiff's cross-motion denied.

In this action arising from a dispute over a brokerage commission, the court awarded plaintiff summary judgment on its tortious interference cause of action. A claim for tortious interference with contractual relations requires, among other things, "the existence of a contract between plaintiff and a third party," and the "defendant's intentional inducement of [a] third party to breach or otherwise render performance impossible" (Kronos, Inc. v AVX Corp., 81 NY2d 90, 94 [1993]). Plaintiff cannot demonstrate a breach of a valid and enforceable brokerage agreement to support its tortious interference with contract claim in this case.

19 NYCRR 175.15 specifically provides that "[n]o real estate broker shall be a party to an exclusive listing contract which shall contain an automatic continuation of the period of such listing beyond the fixed termination date set forth therein." Here, the automatic renewal provision in the brokerage agreement was void pursuant to 19 NYCRR 175.15. Thus, the brokerage agreement expired at the conclusion of the original 180-day listing period on January 29, 2022, and plaintiff's service of the "survival list" on February 15, 2022, more than "seven (7) business days" after "the expiration date of the Term," as required by the brokerage agreement, was untimely. Moreover, General Obligations Law § 5-903 is inapplicable here because the automatic renewal period set forth in the brokerage agreement was for one month or less (see General Obligations Law § 5-903[3]).

We have considered plaintiff's remaining arguments and find them unavailing.

The Decision and Order of this Court entered herein on December 2, 2025 is hereby recalled and vacated (see M-0017 decided simultaneously herewith).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 21, 2026